[L. A. No. 1152. Department Two.—October 17, 1903.]

JOHN G. EIKELMAN, Respondent, v. G. F. R. B. PERDEW et al., Appellants.

STATUTE OF FRAUDS—PAROL AGREEMENT BETWEEN PARTIES TO MORTGAGE—PERFORMANCE BEYOND YEAR.—Where a mortgagee had assigned the mortgage, a subsequent parol agreement made between the holder and the mortgagee that the mortgagee should furnish money and merchandise to the mortgagors from time to time during a period of several years, to enable them to take proper care of the mortgaged property, and make it produce profitable crops, and to pay taxes and insure the buildings thereon, and that he should be reimbursed out of the proceeds before any payments should be made to the holder of the mortgage, is an agreement which, in the contemplation of the parties, was not to be executed within a year, and is invalid under the statute of frauds.

ID.—CREATION OF LIEN.—The parol agreement could not operate to create a lien by way of mortgage upon the mortgaged property in favor of the mortgagee for advances superior to that of the holder of the mortgage. Such lien could only be created by writing executed with the formalities required in case of a grant of real property.

APPEAL from an order of the Superior Court of San Bernardino County granting a new trial. J. S. Noyes, Judge presiding.

The facts are stated in the opinion of the court.

Curtis & Curtis, and T. C. Chapman, for A. M. Ham, Appellant.

Byron Waters, for Respondent.

HENSHAW, J.—This is an appeal from the order of the court granting plaintiff a new trial.

The action was to foreclose a mortgage executed by the defendants Perdew to the defendant Ham, to secure the payment of two promissory notes. The one for $835 was assigned by the defendant Ham to the First National Bank of San Bernardino, and by the receiver of that bank to the plaintiff in this action. Ham filed a cross-complaint in which he alleged that under and by virtue of certain agreements made by and between himself, the receiver of the bank, and the Perdews, before the note was assigned to the plaintiff, of which agreements the plaintiff had full notice, he (Ham) was entitled to receive from the proceeds of the sale of the mortgaged premises the sum of $2,240.27 before any part of the money realized from the sale should be devoted to the payment of the amount due upon the promissory note for $835. After trial the court found in accordance with the allegations of the cross-complaint, and by its judgment declared that upon the sale of the mortgaged property the sum realized from the sale should be first devoted to pay the expense of sale and the costs of the action; second, to pay the sum of $2,240.27 due and owing to the defendant Ham, and that the remainder should be applied to the payment of the amount due plaintiff. Thereafter plaintiff moved for a new trial, and the motion was granted.

Ham, as has been said, indorsed the $835 note to the bank, and executed with it a contemporaneous agreement in writing to its receiver that the $835 promissory note was to be paid in full before the other note for $692, held by himself, was paid. About thirty acres of the mortgaged property were planted in fruit-trees that required constant care, cultivation, and irrigation to preserve them. At the time the notes were executed to Ham, the mortgaged land was the only property owned by the Perdews that was not exempt from execution, and they accumulated no property thereafter.

"After the year 1895, the Perdews were without any means whatever to cultivate the mortgaged premises, or to handle or market the fruit crops grown thereon, and they so informed both Ham and Brodrick, and also informed them that they were unable to pay the taxes on the property, or to in-

sure the buildings thereon, whereupon, in the early part of the year 1896, Ham, and Brodrick, as receiver of the First National Bank of San Bernardino, agreed between themselves that it was for the best interests of said bank and of said Ham that Ham should furnish said Perdews from time to time with whatever money and merchandise were necessary to enable them to take proper care of the mortgaged property, and make it produce profitable crops, and also such money as was necessary to pay the taxes and insure the buildings on the mortgaged premises, and it was also agreed between Ham and Brodrick, that Ham should take such other steps as he might believe would enable him to preserve the mortgaged property, and to realize out of the same sufficient money (1) to reimburse himself for all of his expenditures, and (2) to pay Brodrick for said bank, said note for $835.00; and it was further agreed that Ham should be reimbursed out of the proceeds of the mortgaged property and of the crops grown thereon, for all moneys and merchandise he should furnish the Perdews for said purpose, before anything should be paid on the said note for $835.00 held by Brodrick, as receiver of said bank.''

The foregoing statement is from appellant's brief. In pursuance of this agreement, Ham did from time to time furnish the Perdews with money and merchandise, the transactions extending over a period of several years. All of the agreements herein referred to, saving the one which, as above stated, was expressed in writing, were parol, and within the contemplation of the parties were not to be executed within a year. They were therefore invalid. (Civ. Code, sec. 1624, subd. 1.) Objection was made to the introduction of the evidence proving these agreements for the reason given. Moreover, the agreement, if accorded the effect contended for by Ham, operated to create a lien by way of mortgage upon the premises in question superior to that held by the receiver of the bank. But a mortgage can be created only by writing, executed with the formalities required in the case of a grant of real property. (Civ. Code, sec. 2922.) It may not be doubted from the evidence that the defendant Ham did expend the amount of money stated, in his efforts to preserve the property, on behalf of himself and the receiver of the

bank, but he unfortunately fell into the serious error of not securing a proper written contract from the parties in interest.

The order appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.